Marte v 2013 Amsterdam LLC (2024 NY Slip Op 24086)

[*1]

Marte v 2013 Amsterdam LLC

2024 NY Slip Op 24086

Decided on March 19, 2024

Supreme Court, New York County

Schumacher, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 19, 2024
Supreme Court, New York County

Wilton Marte, Plaintiff,

against
2013 Amsterdam LLC et ano., Defendants.

Index No. 153931/2021

Subin Associates, LLP (Peter I. May of counsel), for plaintiff.
Lewis Johs Avallone Aviles, LLP (Robert J. Yenchman of counsel), for defendants.

Eric Schumacher, J.

NYSCEF doc nos. 58-62 and 82-90 were read on this motion to withdraw as counsel.
Motion brought by order to show cause by Subin Associates, LLP, counsel for plaintiff, pursuant to CPLR 321(b)(2) for an order permitting movant to withdraw as counsel, etc. denied.
"In the case of the attorney, the general rule is that he may terminate his relationship at any time for a good and sufficient cause and upon reasonable notice" (In re Dunn, 205 NY 398, 403 [1912]; see Genn v Ratnathicam, 187 AD3d 539 [1st Dept 2020] [citing Dunn and affirming Supreme Court's [Silver, J.] granting of a motion to withdraw as counsel, remarking, in pertinent part, that "[t]he record demonstrated good and sufficient cause for withdrawal]). Here, movant's papers cite no basis for the motion to withdraw. Rather, movant requests an ex parte conference, representing that it "cannot continue to litigate this matter due to reasons to be disclosed in further detail at a hearing deciding the request to withdraw to be held[] 'in camera' . . . at which movant expects "to establish 'justifiable cause'" (affirmation of May at 2, 4).
Rules Governing Judicial Conduct (22 NYCRR) § 100.3(6) provides, in pertinent part, that "[a] judge shall not initiate, permit, or consider ex parte communications . . . , except: (a) [*2][e]x parte communications that are made for scheduling or administrative purposes and that do not affect a substantial right . . . (b) [to] obtain the advice of a disinterested expert . . . (c) [to] consult with court personnel . . . (d) [a] judge, with the consent of the parties, may confer separately with the parties and their lawyers on agreed-upon matters[, and] (e) [a] judge may initiate or consider any ex parte communications when authorized by law to do so [emphasis added]. Here, subsections (a)-(c) are inapplicable. As to subsection (d), counsel for defendants submits an affirmation opposing so much of the motion as seeks the hearing in camera and does not consent (affirmation of Yenchman at 2).
Moreover, as to subsection (e), the court is aware of no statute, case, or rule of the court giving it the legal authority to hold the proposed ex parte hearing. In weighing the issue, the court consulted the Advisory Committee on Judicial Ethics. In an informal opinion rendered on the issue, a member of the committee advised, in sum and substance, that the Rules Governing Judicial Conduct control together with any relevant legal authority as to subsection (e), and it would be for movant to articulate to the court the relevant subsection (e) legal authority.
Here, movant cites to CPLR 321 and 22 NYCRR § 604(1)(d). The former is the statute governing attorney appearances, withdrawals, removals, etc., and the latter concerns attorney obligations, with subsection (6)(iii), emphasized in bold in the papers, noting merely that "permission of the court" is required, together with justifiable cause and reasonable notice to the client, before an attorney may withdraw (affirmation of May at 3). Movant also annexes a "Statement of Client's Responsibilities" — "(Informational Statement Adopted by the New York State Bar Association)," argues that "[a]ny demonstrated lack of adherence by plaintiff to Client's Responsibilities should support a grant of the [motion]," and indicates that related evidence would be provided ex parte (id. at 4; NYSCEF doc no. 85 at 21).
The court finds that the authorities cited fail to set forth any legal authority permitting the court's consideration of the proposed ex parte communications. As such, on the papers submitted, movant has failed to demonstrate entitlement to the court's permitting or considering the proposed ex parte communications and has further failed to articulate a good and sufficient cause for terminating its relationship with plaintiff.
Further, even if movant had established good cause for the application, the court finds that movant has failed to provide plaintiff with reasonable notice of the application. The court directed that movant serve the order to show cause and accompanying papers on plaintiff "by personal service pursuant to CPLR 308" (NYSCEF doc no. 82 at 2). The affidavit of service submitted purports to represent that a process server effectuated service of the papers on plaintiff pursuant to CPLR 308(2) at a certain address but fails to aver that the address is plaintiff's "actual place of business, dwelling place or usual place of abode" or "last known residence." Rather, the affidavit is silent as to the provenance of the address as to plaintiff. As such, movant has failed to show that it provided plaintiff with reasonable notice of its motion.
CONCLUSION
Accordingly, it is
ORDERED that the motion is denied; and it is further
ORDERED that, within five days of entry, movant shall serve a copy of this order with notice of entry on plaintiff pursuant to CPLR 308, and defendants shall serve a copy of this order with notice of entry on movant.
The foregoing constitutes the decision and order of the court.
DATE 3/19/2024
ERIC SCHUMACHER, J.S.C.